IN THE UNITED STATE DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

RICKIE E. WILDER,

      Plaintiff,

v.                                  CASE NO. 3:17-cv-239/RV/EMT

ARA MARK,
ALLISON BURGESS, ARNP, and
J. HANNAH,

      Defendants.

_____/

## DEFENDANT ALLISON BURGESS, ARNP'S MOTION TO DISMISS AND SUPPORTING MEMORANDUM OF LAW

COMES NOW, Defendant ALLISON BURGESS, ARNP, by and through the undersigned counsel, pursuant to Federal Rule of Civil Procedure 12(b)(6), and submits this Motion to Dismiss and Supporting Memorandum of Law, and moves to dismiss Plaintiff RICKIE E. WILDER'S claims contained in his Complaint for failure to state a claim upon which relief can be granted, respectfully showing the Court as follows:

1.    Plaintiff Wilder brings this *pro se* action against Allison Burgess, ARNP, Ara Mark, and a "Mr. Hannah," alleging Constitutional violations.

2.    While difficult to discern from Plaintiff's handwritten complaint, generally speaking, Wilder appears to allege that Nurse Burgess violated the Eighth and/or Fourteenth Amendment by: (1) failing to provide the appropriate or adequate

insulin treatment for his diabetes; (2) failing to adequately treat his *urinary tract symptoms*; (3) failing to provide ibuprofen upon request; (4) failing to provide adequate treatment for his neuropathy; and (5) restricting his commissary privileges.

3.      Pursuant to the United States Supreme Court's holding in Estelle v. Gamble, 429 U.S. 97, 106 (1976), in order for a Constitutional claim for inadequate medical treatment to be actionable, Plaintiff bears the burden to demonstrate that Nurse Burgess acted with deliberate indifference to a serious medical need. Accordingly, this analysis employs both an objective and subjective component. Farrow v. West, 320 F.3d 1235, 1243 (11th Cir. 2003).

4.      First, Plaintiff must plead that he had an objectively serious medical need. Farrow, 320 F.3d at 1243. "In [the Eleventh Circuit], a serious medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Id.

5.      Second, Plaintiff must plead that Nurse Burgess acted with deliberate indifference by demonstrating: **(1)** Nurse Burgess was aware of facts from which an inference could be drawn that a serious risk of harm exists; **(2)** Nurse Burgess *actually* drew that inference; **(3)** Nurse Burgess knowingly or intentionally disregarded that risk; and **(4)** Nurse Burgess's conduct amounted to *more than* gross negligence. See Valderrama v. Rousseau, 780 F.3d 1108, 1116 (11th Cir. 2015).

2

Matters of medical judgment, nor allegations of medical malpractice, do not rise to the level of deliberate indifference. <u>Estelle</u>, 429 U.S. at 105-06, 107.

6.     As a matter of law, the facts alleged in Plaintiff's Complaint do not amount to deliberate indifference of a serious medical need because:

a.  The Complaint does not allege facts tending to plausibly show that Plaintiff's medical condition was a serious medical need; and

b.  The Complaint does not allege facts, even taken in the light most favorably to Plaintiff, to show that Nurse Burgess was deliberately indifferent to Plaintiff's medical needs – as a matter of well-recognized law, a nurse's determination as to what treatment or medication to provide, without more, does not amount to deliberate indifference.

WHEREFORE, Defendant ALLISON BURGESS, ARNP, respectfully requests this Court to dismiss Plaintiff RICKIE E. WILDER'S Complaint, for failure to state a claim upon which relief can be granted.

## <u>MEMORANDUM OF LAW</u>

## I.   ARGUMENT AND CITATION OF AUTHORITY

### a.  Rule 12(b)(6) Motion to Dismiss Standard

A complaint is subject to dismissal under Federal Rule of Civil Procedure 12(b)(6), if it does not present facts that "state a claim upon which relief can be granted." In ruling on a motion to dismiss, the Court must accept the factual

allegations set forth in the complaint as true. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 n.1 (2002). Nevertheless, the law still requires the plaintiff to meet some *minimal* pleading requirement. Jackson v. BellSouth Telecomm., 372 F.3d 1250, 1262-63 (11th Cir. 2004). Accordingly, the plaintiff must allege "enough facts to state a claim that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556); see also Miljkovic v. Shafritz & Dinkin, P.A., 791 F.3d 1291, 1297 (11th Cir. 2015).

Plaintiff's complaint must include actual factual allegations that "possess enough heft" to set forth a "plausible entitlement to relief." Twombly, 550 U.S. at 557. A "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than *labels and conclusions*, and a *formulaic recitation* of the elements of a cause of action will not do[.]" Id. at 555 (internal quotations omitted) (emphases added). Therefore, a complaint shall be dismissed as insufficient where the allegations contained therein are vague and conclusory. Iqbal, 556 U.S. at 678.

Further, courts are not required to "accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). Indeed, "the tenet that a court must accept as true all of the allegations contained in a complaint

is *inapplicable* to legal conclusions[,]" which simply "are not entitled to [an] assumption of truth." Iqbal, 556 U.S. at 678, 680. Thus, while courts are allowed to draw upon their own "judicial experience and common sense[,]" when the facts alleged do not allow a court to infer "more than the mere possibility of misconduct[,]" the plaintiff is not entitled to relief.

Here, Plaintiff's Complaint alleges no set of facts that would entitle him to relief against Nurse Burgess. Plaintiff does not present well-pleaded factual allegations sufficient enough to raise their right to relief above a merely speculative level. Accordingly, Nurse Burgess moves to dismiss Plaintiff's claims against her.

### b.  Plaintiff failed to allege that he exhausted administrative remedies.

Pursuant to the Prison Litigation Reform Act of 1995 (PLRA), an inmate who challenges prison conditions is required to "properly exhaust" all available administrative remedies before filing an action under 42 U.S.C. §1983. See 42 U.S.C. 1997e ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."). Accordingly, "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules…" Woodford v. Ngo, 548 U.S. 81, 90-91 (2006); see also, Jones v. Bock, 549 U.S. 199, 211 (2007) ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted

claims cannot be brought in court.") Therefore, the failure to properly exhaust administrative remedies will bar and inmate from pursuing his claim in federal court. See Woodford, 548 U.S. at 92; Whatley v. Warden, Ware State Prison, 802 F.3d 1205, 1209 (11th Cir. 2015) ("The court should dismiss if the facts as stated by the prisoner show a failure to exhaust.").

Plaintiff is currently incarcerated at the Escambia County Jail, in Pensacola, Florida. Counsel for Nurse Burgess cannot find a single allegation by Plaintiff that he *actually* filed any grievance, or utilized any administrative route or procedure regarding the allegations contained in his Complaint, nor even referencing Nurse Burgess. (See Compl. ¶7, ln 5-7 (Plaintiff refers to a Mr. Leto advising him that he should file another grievance regarding commissary privileges).) Moreover, Plaintiff's Complaint is devoid of any allegation that he "properly exhausted" the administrative remedies available to him. Thus, Plaintiff's Complaint should be dismissed as a matter of law for failure to exhaust the administrative remedies available to him.

      **c. Plaintiff's Eighth and/or Fourteenth Amendment Claims alleging Inadequate Medical Treatment fail to state sufficient facts upon which relief can be granted.**

Plaintiff's Eighth and/or Fourteenth Amendment claims against Nurse Burgess wholly fail to state a claim upon which relief can be granted. Pursuant to the United States Constitution, a State or its actor is prohibited from subjecting an

individual, including those persons incarcerated, to cruel and unusual punishment.

Estelle v. Gamble, 429 U.S. 97, 101 (1976); Melton v. Abston, 841 F.3d 1207, 1220

(11th Cir. 2016). The framers' primary concern in drafting the Eighth Amendment

was the proscription of "torture" and "barbarous methods of punishment." Estelle,

429 U.S. at 102.  Thus, while prisons and jails are required to be "humane," "[t]he

Constitution does not mandate comfortable prisons." Farmer v. Brennan, 511 U.S.

825, 832 (1994). Accordingly,

> [O]nly those conditions which objectively amount to an "extreme
> deprivation" violating contemporary standards of decency are subject
> to Eighth Amendment scrutiny. Hudson v. McMillian, 503 U.S. 1, 8-9
> (1992). Furthermore, it is only a prison official's subjective *deliberate
> indifference* to the substantial risk of serious harm caused by such
> conditions that gives rise to an Eighth Amendment violation. Farmer,
> 511 U.S. at 828; Wilson v. Seiter, 501 U.S. 294, 303 (1991).

Thomas v. Bryant, 614 F.3d 1288, 1306-07 (11th Cir. 2010) (emphasis added). In

the context of prison health care, modern judicial interpretation has expanded the

Eighth and/or Fourteenth Amendment's scope to require the State "to provide

*minimally adequate* medical care to those whom they are punishing by

incarceration." Harris v. Thigpen, 941 F.2d 1495, 1504 (11th Cir. 1991) (emphasis

added). Nevertheless, the Constitution does not require the medical care provided be

"perfect, the best obtainable, or even very good." Harris, 941 F.2d at 1510 (internal

citations omitted). Thus, it is well-recognized that not every inadequate medical

treatment allegation states a cognizable claim for a Constitutional violation. <u>Estelle</u>, 429 U.S. at 105.

In so following, "[t]o show that a prison official acted with deliberate indifference to serious medical needs, a plaintiff must satisfy both an objective and subjective inquiry." <u>Brown v. Johnson</u>, 387 F.3d 1344, 1352 (11th Cir. 2004) (quoting <u>Farrow v. West</u>, 320 F.3d 1235, 1243 (11th Cir. 2003)).

### i. Under the objective component, Plaintiff has failed to demonstrate that he suffered from a serious medical need.

First, Plaintiff must satisfy the objective component by showing that he had a serious medical need. <u>Goebert v. Lee County</u>, 510 F.3d 1312, 1326 (11th Cir. 2007). Accordingly, "[i]n our circuit, a serious medical need is considered 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" <u>Farrow</u>, 320 F.3d at 1243 (quoting <u>Hill v. Dekalb Reg'l Youth Det. Ctr.</u>, 40 F.3d 1176, 1187 (11th Cir. 1994)). Under either avenue, Plaintiff bears the burden to show that his condition is "one that, if left unattended, poses a substantial risk of serious harm." <u>McBride v. Houston County Health Care Auth</u>. 658 Fed. Appx. 991, 997 (11th Cir. 2016) (internal quotations omitted). For example, in <u>McBride</u>, the court determined that a jury could find that plaintiff suffered from an objectively serious medical need because the record reflected that plaintiff was: calling for help in

obvious pain; febrile; unable to eat or drink for days; and his lips were blistered and "peeling off." Id.

Here, Plaintiff's medical condition is markedly different from the plaintiff's in McBride. See 658 Fed. Appx. at 997. Plaintiff's Complaint makes reference to Nurse Burgess failing to provide him with the "proper" insulin, and instead providing him with another *type* of insulin for his diabetes. (Compl. p. 5, ¶1, ln 1-5.) Instead, Plaintiff plainly states in his Complaint that he refused to take his insulin, thus causing any alleged adverse medical consequences. (Compl. p. 5, ¶1, ln 5-6, 16-17; ¶3, ln 25; ¶7, ln 11-13.) Accordingly, to the extent Plaintiff is suffering from a serious medical condition, is a result of his own refusal to take the insulin provided Nurse Burgess.

With respect to Plaintiff's allegation that Nurse Burgess failed to adequately address his *urinary tract symptoms*, Plaintiff's sole complaint was that "he can't pee right." (Compl. p. 5, ¶2, ln 2.) According to Plaintiff's Complaint, Nurse Burgess then performed a prostate check on Plaintiff, which determined that he had a swollen prostate, and issued Plaintiff's medication. Accordingly, Plaintiff was not subjected to wanton or excessive pain and suffering, since Nurse Burgess evaluated Plaintiff's condition and provided him medication. Thus, there are major qualitative differences between this instance, and the plaintiff in McBride.

In addition, Plaintiff alleges that Nurse Burgess denied to provide Plaintiff with ibuprofen for his toothache. (Compl. ¶4, ln 8-11.) Even if Nurse Burgess refused ibuprofen, or that Plaintiff was even experiencing a toothache, a toothache is not considered an objective serious medical need, such that it mandated treatment, or is such a severe condition that even a layperson would easily recognize the necessity for treatment.

With respect to Plaintiff's allegation that Nurse Burgess failed to adequately address his alleged neuropathy, he admits that Nurse Burgess tested his lower extremities to gauge his *condition*. (Compl. ¶5, ln 7-8.) Moreover, the only information Plaintiff submits that he *actually* has neuropathy, is that, "[w]hen I was on the streets I was prescribed (sic) medicine (sic) for my neuropathy (sic) from my physician." (Compl. ¶5, ln 5-6.)

Finally, Plaintiff makes numerous vague allegations to Nurse Burgess placing restrictions on his commissary. Plaintiff alleges that Nurse Burgess had his commissary restricted so that he could not order certain items such as grits, cheese, cookies, and noodles; coincidentally items which could cause harmful effects to a diabetic if ingested in large quantities. (Compl. ¶3, ln 21-25.) Plaintiff's sole basis that this amounts to a Constitutional violation is summed up in the following allegation: "If you can feed it to me from the kitchen on my diet (sic) tray[,] then I should be able to order it from the canteen." (Compl. ¶3, ln 25-28.) Restricting a

prisoner's commissary privileges does not amount to cruel and unusual punishment or inhumane prison conditions, and certainly does not amount to deliberate indifference of a serious medical need.

In all of Plaintiff's allegations, he has not, and cannot, plead sufficient facts to establish that he suffered from an objectively serious medical need. Distinct from McBride, where the plaintiff was suffering from obvious, painful, and severe skin conditions, such is not the case here. Thus, Plaintiff has not pled any facts to allege that Nurse Burgess diagnosed him with a serious medical condition mandating treatment, nor any facts to indicated that his medical condition was so severe that even a layperson would easily recognize the necessity for treatment. See Farrow, 320 F.3d at 1243. As a result, since Plaintiff has not pled sufficient facts to establish a serious medical need, his claims against Nurse Burgess fail to state a claim upon which relief can be granted.

> ii. **Should the Court determine that Plaintiff has pled sufficient facts to demonstrate a serious medical need, under the subjective component, Plaintiff failed to demonstrate that Nurse Burgess was "deliberately indifferent" to his medical needs.**

Plaintiff has not, and cannot, allege facts sufficient to state a claim under the Eighth and/or Fourteenth Amendment, in that he has not shown that Nurse Burgess was *deliberately indifferent* to his alleged serious medical needs. Under the subjective component, Plaintiff is required to "allege that the prison official, at a

minimum, acted with a state of mind that constituted *deliberate indifference*."

Richardson v. Johnson, 598 F.3d 734, 737 (11th Cir. 2010). More specifically,

> [T]he plaintiff must present, for each [medical professional], evidence from which a reasonable jury could conclude that (1) the [medical professional] was aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, (2) the [medical professional] *actually* drew that inference, (3) the [medical professional] disregarded the risk of serious harm, and (4) the [medical professional's] conduct amounted to *more than gross negligence*.

Valderrama, 780 F.3d at 1116 (emphases added). Thus, if a perceived wrong is *not* accompanied by *knowledge* of the wrong, or appreciation of a significant risk for potential harm, then it is unactionable under a constitutional framework. See Farmer, 511 U.S. at 837-38 ("an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment."); Mandel v. Doe, 888 F.2d 783, 788 (11th Cir. 1989) ("Absent evidence of conscious or callous indifference to a prisoner's rights, the mere fact of an inmate's injury is insufficient to state a claim of deliberate indifference." (internal quotations omitted)).

The law is well-settled that the Constitution is not implicated by the negligent acts of corrections officials and medical personnel. Daniels v. Williams, 474 U.S. 327, 330-31 (1986); Davidson v. Cannon, 474 U.S. 344, 348 (1986) ("the protections of the Due Process Clause, whether procedural or substantive, are just not triggered by lack of due care by prison officials."). Accordingly, the *inadvertent* failure to

provide adequate medical care does not rise to the level of a constitutional violation. Estelle, 429 U.S. at 105-06; Bingham v. Thomas, 654 F.3d 1171, 1176 (11th Cir. 2011) ("A complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment." (internal quotations omitted)).   "Accidents, mistakes, negligence, and medical malpractice are not 'constitutional violations *merely because the victim is a prisoner*.'" Harris v. Coweta Cty., 21 F.3d 388, 393 (11th Cir. 1994) (quoting Estelle, 429 U.S. at 106) (emphasis added).

Instead, Plaintiff's burden is much greater. "Medical treatment violates the eighth amendment only when it is so '*grossly* incompetent, inadequate, or excessive so as to *shock the conscience* or to be *intolerable to fundamental fairness*.'" Harris, 941 F.2d at 1505 (quoting Rogers v. Evans, 792 F.2d 1052, 1058 (11th Cir. 1986)) (emphases added); see also, Estelle, 429 U.S. at 1505-06 (holding that it must rise to the level of "unnecessary and wanton infliction of pain," or is "repugnant to the conscience of mankind."). Similarly, while medical malpractice allegations will  not amount to a constitutional violation, "nor does a simple difference of opinion in medical opinion between the prison's medical staff and the inmate as to the latter's diagnosis or course of treatment support a claim of cruel and unusual punishment." Harris, 941 F.2d at 1505. Therefore, unless Plaintiff pled sufficient facts to show that Nurse Burgess knowingly and intentionally deprived him of adequate medical

treatment, such that it "shocks the conscience" or is "intolerable to fundamental fairness," and his allegations go beyond a mere difference of opinion in treatment, then Plaintiff's claims against Nurse Burgess fail as a matter of law.

Here, Plaintiff makes cursory and disjointed allegations that Nurse Burgess has not provided him with adequate medical treatment. Plaintiff alleges that he is being provided the incorrect dose of insulin, as compared to the insulin he was taking "on the street" (Compl. p. 5, ¶1, ln 1-3), and that Nurse Burgess won't provide him medicine for his neuropathy (Compl. ¶5, ln 8-10). Plaintiff further alleges that these actions by Nurse Burgess will cause him physical harm. (Compl. ¶8, ln 5-11.) However, despite Plaintiff's bold allegations, even the slightest scintilla of supporting evidence is conspicuously absent, instead declaring that it is a "proven fact." (Compl. ¶8, ln 5.) Essentially, Plaintiff's allegations against Nurse Burgess are nothing more than mere opinions and conclusory statements. Accordingly, Plaintiff's allegations do not allow this Court to infer "more than the mere possibility of misconduct," but rather ask this Court to *take his word for it*. <u>See</u> <u>Iqbal</u>, 556 U.S. at 679. Consequently, this type of vague pleading is precisely what the <u>Iqbal</u> Court rejected. <u>See</u> <u>id</u>. (holding that Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions").

Notwithstanding Plaintiff's arbitrary and unsubstantiated contentions, Plaintiff's own allegations show that Nurse Burgess was not "deliberately

indifferent" to his alleged medical condition. While Nurse Burgess prescribed Plaintiff with insulin, Plaintiff was the one who blatantly refused it on a multitude of occasions. (Compl. p. 5, ¶1, ln 1-6.) With respect to his urinary tract symptoms, Plaintiff plainly states that x-rays were taken of his kidneys, Nurse Burgess performed a prostate exam, and he was provided medication. (Compl. ¶2, ln 3-11.) With respect to his alleged toothache, Plaintiff alleges that Nurse Burgess evaluated him, and determined that pain medication was not necessary. (Compl. ¶4, ln 8-11.) With respect to his alleged neuropathy, Plaintiff plainly states that Nurse Burgess performed a physical examination on Plaintiff to gauge the level of his neuropathy, or if he even has this condition at all. (Compl. ¶5, ln 7-10.) Finally, with respect to Plaintiff's allegations that Nurse Burgess limited his commissary privileges, his sole assertion that this is a cruel and unusual punishment is that, "[i]f you can feed it to me from the kitchen on my diet (sic) tray[,] then I should be able to order it from the canteen." (Compl. ¶3, ln 25-28.) However, there is not allegation that this is medically adverse to Plaintiff, nor that Nurse Burgess' alleged restrictions were "deliberately indifferent."

Consequently, the record, even viewed in the light most favorable to Plaintiff, does not reveal a single trace of evidence suggesting that Nurse Burgess was deliberately indifferent to Plaintiff's medical needs. To the contrary, Nurse Burgess evaluated Plaintiff's medical condition on numerous occasions, and prescribed the

appropriate medical treatment and medication. As a result, this is a classic case of a medical professional doing exactly what the Constitution requires of her. This is a textbook case of a prisoner having a *mere difference of opinion* with the prison medical staff, and by the holding in <u>Harris</u>, a simple difference of opinion in treatment will not support a claim for cruel and unusual punishment. <u>See</u> 941 F.2d at 1505. Thus, to put it simply, there is no evidence to suggest that Nurse Burgess' care and treatment of Plaintiff "shocks the conscience" or is "intolerable to fundamental fairness."

Furthermore, in an exercise of completeness, even if Nurse Burgess' treatment of Plaintiff was determined to be negligent, Plaintiff's Complaint still fails to state a claim upon which relief can be granted.[1] In applying the principles and law set forth in <u>Estelle</u> and subsequent decision, *even if* the factfinder determines that Nurse Burgess' care and treatment of Plaintiff did not meet the applicable standard of care, medical negligence does not amount to a Constitutional violation. 429 U.S. at 106 ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."). Similar to <u>Estelle</u>, where the Court held that the decision not to order an x-ray, while potentially negligent, did not amount to a Constitutional violation, the decision as to what *type* of insulin to provide and what medication and

---

[1] This paragraph is included solely to address all applicable points of law; this is not intended as an admission of below-standard treatment, and the support for Nurse Burgess' care and treatment rendered to Plaintiff remains steadfast.

treatment method to utilize, if any, is a matter of medical judgment. <u>See</u> 429 U.S. at 107. As a result, even if Nurse Burgess' medical decision(s), after she performed numerous physical examinations and diagnostic studies on Plaintiff, are determined to have breached the applicable medical standard of care, there have been no facts alleged that facilitates the conclusion that Nurse Burgess violated Plaintiff's Constitutional rights. Thus, Plaintiff's claims against Nurse Burgess fail as a matter of law.

> **d. To the extent Plaintiff attempts to assert a state law claim medical malpractice/negligence, he fails to state a claim upon which relief can be granted.**

In order for Plaintiff to state a viable claim for medical negligence under Florida law, he "must mail to the prospective defendants a notice of intent to initiate litigation and a medical expert affidavit." <u>Michael v. Med. Staffing Network, Inc.</u>, 947 So.2d 614, 618 (Fla. 3d DCA 2007) (citing Fla. Stat. §766.203(2)). Here, Plaintiff has not alleged that he has mailed these documents, nor that he has even obtained a medical expert. Therefore, Plaintiff has failed to meet the threshold pleading requirements to pursue a medical negligence claim under Florida law. <u>See</u> <u>Gross v. White,</u> 340 Fed. Appx. 527 (11th Cir. 2009). Thus, to the extent Plaintiff attempts to assert a state law claim for medical malpractice/negligence, he fails to state a claim upon which relief can be granted.

17

## II.   CONCLUSION

For the foregoing reasons, Defendant ALLISON BURGESS, ARNP, respectfully requests this Court to dismiss all claims against her contained in Plaintiff's Complaint.

## CERTIFICATION OF GOOD-FAITH ATTORNEY CONFERENCE

The conferral obligations of Local Rule 7.1(B) are not required for this motion, as it seeks to determine the outcome of the case. *See* Local Rule 7.1(D).

## CERTIFICATE OF WORD LIMIT

Pursuant to Local Rule 7.1(F), the undersigned counsel hereby certifies that the foregoing motion contains 4,038 words.

Respectfully submitted this 22nd day of May, 2017.

*s/Michael J. Thomas*
**MICHAEL J. THOMAS**
Florida Bar No: 897760
**CHAD B. HESS**
Florida Bar No: 682462
**CHASE E. BOSWELL**
Florida Bar No: 124314
**PENNINGTON, P.A.**
215 S. Monroe Street, 2nd Floor
Tallahassee, Florida 32301
T: (850) 222-3533
F: (850) 222-2126
thomasteam@penningtonlaw.com
mike@penningtonlaw.com
chess@penningtonlaw.com
cboswell@penningtonlaw.com
*Counsel for Defendants*

# <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a copy of the foregoing has been furnished via

U.S. Mail or electronic mail on this 22nd day of May, 2017, to:

Rickie E. Wilder
0802459237
Escambia County Jail
Post Office Box 17800
Pensacola, Florida 32505

PENNINGTON, P.A.

*s/Michael J. Thomas*