**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

**RICKIE E. WILDER,**

     **Plaintiff,**

**vs.**                    **Case No.: 3:17cv239/RV/EMT**

**ARAMARK SERVICES, INC.,
d/b/a ARAMARK CORRECTIONAL SERVICES, LLC,
and JAMES HANNON,[1]**

     **Defendants.**

---

**DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S AMENDED
COMPLAINT AND INCORPORATED MEMORANDUM OF LAW**

---

Defendants, ARAMARK SERVICES, INC., d/b/a ARAMARK CORRECTIONAL SERVICES, LLC ("ARAMARK") and JAMES HANNON ("HANNON") (collectively "Defendants"), by and through undersigned counsel, and pursuant to Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B)(ii), hereby submit their Motion to Dismiss Plaintiff RICKIE E. WILDER's Amended Complaint and Incorporated Memorandum of Law, and as grounds therefor state as follows:

---

[1] James Hannon was initially misnamed as Hannah. The correct party name, James Hannon, will be used throughout this Motion and Memorandum.

1.      Plaintiff RICKIE E. WILDER ("Wilder" or "Plaintiff") brings this *pro se* action pursuant to his *Amended Complaint* filed November 28, 2017 against ARAMARK, the contracted food service provider at the Escambia County Jail ("Jail"), and HANNON, the director/supervisor of food service at the Jail, for an alleged violation of his Fourteenth Amendment Constitutional right to due process by failing to comply with his medically prescribed diet. [Doc. 31, p. 5-7, 12.]

2.      Wilder initially commenced this civil rights case on April 12, 2017, naming ARAMARK, HANNON, and ALLISON BURGESS, ARNP ("Burgess") as Defendants, claiming that Defendants and Burgess violated his rights to due process and equal protection by failing to comply with his medically prescribed diet and by failing to provide adequate medical treatment in violation of the Fourth, Sixth, Eighth, and Fourteenth Amendments. [Doc. 1.]

3.      On May 22, 2017, Defendant Burgess filed a motion to dismiss because of Plaintiff's failure to state a claim upon which relief can be granted and his failure to exhaust administrative remedies. [Doc. 12.]

4.      On August 9, 2017, Chief U.S. Magistrate Judge Elizabeth M. Timothy issued a Report and Recommendation for the resolution of Defendant Burgess' Motion to Dismiss. [Doc. 21, cited as Wilder v. Aramark, No. 3:17cv239/RV/EMT, 2017 U.S. Dist. LEXIS 152057, at *4 (N.D. Fla. Aug. 9, 2017).]

5.      Senior U.S. District Court Judge Roger Vinson adopted Magistrate Judge Timothy's Report and Recommendation and issued an Order dated September 19, 2017. Pursuant to the Order, Plaintiff's Fourteenth Amendment due process claim against Defendants ARAMARK and HANNON was **dismissed without prejudice**, and Plaintiff was granted leave to file an amended complaint against Defendants ARAMARK and HANNON based upon the alleged failure to provide medically prescribed meals. [Doc. 25; Wilder v. Aramark, No. 3:17cv239/RV/EMT, 2017 U.S. Dist. LEXIS 151464, at *1 (N.D. Fla. Sep. 19, 2017).][2] The case was remanded to Magistrate Judge Timothy for further proceedings. [Id.]

6.      On November 6, 2017, Magistrate Judge Timothy issued an order directing Plaintiff to file an amended complaint by November 27, 2017 [Doc. 30], however, no amended complaint was filed on November 27, 2017.

7.      On November 28, 2017, a day following the court-ordered deadline, Plaintiff filed his Amended Complaint alleging that Defendants ARAMARK and HANNON violated Plaintiff's due process based upon an alleged failure to provide medically prescribed meals. [Doc 31, p. 5-8.]

---

[2] Judge Vinson's Order of September 19, 2017 **dismissed with prejudice** Plaintiff's claims against Defendants ARAMARK and HANNON pursuant to the Fourteenth Amendment equal protection clause and the Fourth, Sixth, and Eighth Amendments, and **dismissed with prejudice** all claims brought against Defendant Burgess. [Doc. 25].

**8.**     Plaintiff's the Amended Complaint alleges that "Plaintiff was incarcerated in April 2017 and remained in the custody of Escambia County Jail until September 2017. . .[and]. . . [f]or approximately six months Plaintiff was denied the proper diet to meet the needs of his diabetic condition." [Doc 31, p. 6-7.]

**9.**     Plaintiff's Fourteenth Amendment due process claim against Defendants based upon an alleged failure to provide medically prescribed meals should be dismissed for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and Federal Rule of Civil Procedure 12(b)(6).

> **(a)**   First, this action should be dismissed for failure to state a claim because ARAMARK was not acting in concert with or as a state actor and cannot be sued under § 1983 because Plaintiff fails to allege a custom or policy under which to find ARAMARK liable.

> **(b)**   Second, this action should be dismissed for failure to state a claim because neither Defendant can be held liable because neither Defendant acted or failed to act pursuant to a policy or custom attributable to them. Indeed, the Amended Complaint fails to allege an unconstitutional policy, or a series of events from which this Court could infer the existence of a policy that resulted in a constitutional violation. Plaintiff has not included a single detail alleging it was

ARAMARK's policy to deny him meals or serve him foods he could not eat.

**(c)** Third, this action should be dismissed for failure to state a claim because neither Defendant had any control or decision-making authority over whether Plaintiff received an alternative meal or a diet based upon his alleged medical condition.

10.  Plaintiff has failed to provide any allegations linking Defendants to the alleged constitutional violation, and therefore, Plaintiff's Amended Complaint should be dismissed for failure to state a claim upon which relief can be granted.

WHEREFORE, Defendants, ARAMARK SERVICES, INC., d/b/a ARAMARK CORRECTIONAL SERVICES, LLC and JAMES HANNON, respectfully request this Court to dismiss with prejudice Plaintiff RICKIE E. WILDER'S Amended Complaint for failure to state a claim upon which relief can be granted.

## <u>MEMORANDUM OF LAW</u>

## I.   ARGUMENT AND CITATION OF AUTHORITY

### A. Standard of Review

"Because Plaintiff is proceeding *in forma pauperis*, the Court may dismiss the case if satisfied that the action is '(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant

who is immune from such relief.'" Gary v. Aramark Corr. Servs., No. 5:13cv417/RS/EMT, 2014 U.S. Dist. LEXIS 93877, at *3 (N.D. Fla. May 9, 2014) (quoting 28 U.S.C. § 1915(e)(2)(B)). Dismissals for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). *See* Mitchell v. Farcass, 112 F.3d 1483, 1485 (11th Cir. 1997).

"To survive a motion to dismiss, a complaint must contain 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." Id. Indeed, the plausibility of a claim fails "[w]here a complaint pleads facts that are merely consistent with a defendant's liability. . ." Id. Accordingly, whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679; *see also* Wilder v. Aramark, No. 3:17cv239/RV/EMT, 2017 U.S. Dist. LEXIS 152057, at *5 (N.D. Fla. Aug. 9, 2017).

Finally, courts are "not bound to accept as true a legal conclusion couched as a factual allegation." Iqbal, 556 U.S. at 678. Indeed, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal

conclusions[,]" which simply "are not entitled to [an] assumption of truth." Id. at 678. Naked assertions that amount to nothing more than a "formulaic recitation of the elements" of a claim "are conclusory and not entitled to be assumed true." Id. at 681. Thus, "where the well-pleaded facts do not permit a court to infer more than the mere possibility of misconduct[,]" the plaintiff is not entitled to relief. Id. at 678.

Here, Plaintiff's Amended Complaint alleges no set of facts that would entitle him to relief against Defendants. The well-pleaded factual allegations fail to raise a right to relief above mere speculation. Accordingly, Defendants move to dismiss Plaintiff's Amended Complaint for failure to state a claim.

**B. Plaintiff Cannot Maintain an Action Under 42 U.S.C. § 1983 Because ARAMARK is Not a State Actor Acting Under Color of Law, and Plaintiff has Failed to Identify an Unconstitutional Policy or Custom.**

Section 1983 of Title 42 of the United States Code provides for the recovery of monetary damages for an alleged violation of a right secured by the Constitution or other federal laws. In order to state a claim, a plaintiff must plead that he was (1) deprived of a right; (2) secured by the Constitution or laws of the United States; and, (3) that the alleged deprivation was committed under color of state law. See Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999); Rayburn v. Hogue, 241 F.3d 1341, 1348 (11th Cir. 2001). "A successful section 1983 action requires that the plaintiff show he was deprived of a federal right by a person acting under color of state law." Myers v. Bowman, 713 F.3d 1319, 1329 (11th Cir. 2013) (alteration

adopted) (quoting Almand v. DeKalb Cnty., Ga., 103 F.3d 1510, 1513 (11th Cir. 1997)). Because Plaintiff is a pretrial detainee, his claim regarding his food trays is based upon an alleged violation of his rights under the Fourteenth Amendment to the Constitution.

A private party does not normally act under color of state law and is therefore not subject to suit under section 1983. See Dennis v. Sparks, 449 U.S. 24, 27-29 (1980); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970). "Only in rare circumstances can a private party be viewed as a 'state actor' for section 1983 purposes." Harvey v. Harvey, 949 F.2d 1127, 1130 (11th Cir. 1992). The determination whether a state action is present from a non-state actor is made on a case-by-case basis. See Id. (citing Willis v. Univ. Health Services, Inc., 993 F.2d 837, 840 (11th Cir. 1993) (quoting National Broad. Co., ("NBC") v. Communications Workers of Am., AFL-CIO, 860 F.2d 1022, 1026-27 (11th Cir. 1988))

To establish a deprivation under "color of state law" or "state action," a Plaintiff must allege a "constitutional deprivation caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible, and that the party charged with the deprivation must be a person who may fairly be said to be a state actor." See Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. at 50 (internal questions omitted). More

specifically, when determining whether actions of a private entity are attributable to the state or government, the Eleventh Circuit employs three distinct tests to ascertain whether state action exists to support a §1983 action: (1) the public function test; (2) the state compulsion test; and (3) the nexus/joint action test. The public function test limits state action to instances where private actors are performing functions "traditionally the exclusive prerogative of the state." Focus on the Family v. Pinellas Suncoast Transit Auth., 344 F.3d 1263, 1277 (11th Cir. 2003). Therefore, "'[a] private entity or corporation like Aramark may be held liable under section 1983 'where a function which is traditionally the exclusive prerogative of the state . . . is performed by a private entity.'" Gary v. Aramark Corr. Servs., No. 5:13cv417/RS/EMT, 2014 U.S. Dist. LEXIS 93877, at *3 (N.D. Fla. May 9, 2014) (quoting Ancata v. Prison Health Serv., Inc., 769 F.2d 700, 703 (11th Cir. 1985)).

"In order to establish that ARAMARK is directly liable for the alleged constitutional violation, Plaintiff 'must provide evidence that there was a relevant policy or custom, and that the policy caused the constitutional violation[s] [plaintiff] allege[s].'" Gary v. Aramark Corr. Servs., 2014 U.S. Dist. LEXIS 93877 at *3 (quoting Natale v. Camden Cnty. Corr. Facility, 318 F.3d 575, 584 (3d Cir. 2003) (because respondeat superior or vicarious liability cannot be a basis for liability under 42 U.S.C. § 1983, a corporation under contract with the state cannot be held liable for the acts of its employees and agents under those theories); see also Sanders

v. Sears, Roebuck & Co., 984 F.2d 972, 975-76 (8th Cir. 1993) (no § 1983 liability for corporation acting under color of state law unless unconstitutional conduct resulted from corporation policy or custom, and corporation cannot be held liable under § 1983 on theory of respondeat superior). "A policy is only established when a decisionmaker, who possesses final authority to establish a policy for the governmental entity for the matter in question, issues a final proclamation, policy or edict. Natale, 318 F.3d at 584. A custom is an act that has not been formally approved by the decisionmaker, but that is so widespread to have the force of law." Gary v. Aramark Corr. Servs., 2014 U.S. Dist. LEXIS 93877 at *3.

In this case, Plaintiff, a former inmate at the Escambia County Jail, claims that ARAMARK, a private company retained by the Board of County Commissioners for Escambia County, Florida, failed to provide him with an adequate diet. However, Plaintiff failed to allege facts that plausibly suggested that ARAMARK was employed by or had authority to act on behalf of the state. *See* Myers v. Bowman, 713 F.3d at 1329-30. Plaintiff's conclusory allegation that ARAMARK "is the food service company which provides all meals for inmates while housed in the Escambia County Jail" does not establish that ARAMARK was a state actor. *See* Harvey v. Harvey, 949 F.2d 1127, 1133 (11th Cir. 1992); *see also*, Noel v. Ledbetter, No. 17-12479, 2018 U.S. App. LEXIS 13039, at *4 (11th Cir. May 17, 2018) (affirming dismissal).

Here, Plaintiff's claims under § 1983 against ARAMARK and HANNON fail because Defendants did not act under the color of state law but, rather, as a private corporation and an employee of a private corporation. As stated, ARAMARK is a private company that has been retained by the Board of County Commissioners, Escambia County, Florida to provide food services to inmates at the Escambia County Jail. In this regard, ARAMARK simply delivers the meals specified in its contract with the Board of County Commissioners, Escambia County, Florida. Accordingly, Plaintiff has not alleged and cannot allege facts to suggest that ARAMARK, acting in its capacity as food service provider, had a "policy" or "custom" as to the meals served to Plaintiff and was therefore acting under the color of state law. *See* Mora v. Camden County, 2010 U.S. Dist. Lexis 61800 (D. N. June 21, 2010) (dismissing plaintiff's claim of a nutritionally inadequate diet under § 1983 because of the absence of facts that the alleged deficient diet resulted from the execution of a custom or policy of ARAMARK, a private corporation under contract to provide food services.); Harrison v. Richardson, 2009 U.S. Dist. LEXIS 25820 (D. Kan. Mar. 19, 2009) (dismissing § 1983 claims against employees of a detention facility operated by private corporation); Young v. Martinez, 2008 U.S. Dist. LEXIS 22415 (D. Colo. March 21, 2008) (dismissing ARAMARK from a civil rights action arising from its provision of linen service at a jail); *See also* Ashcroft v. Iqbal, 556 U.S. at 678 (dismissing a prisoner plaintiff's claim against a moving defendant for

failure to establish the moving defendants' involvement in the alleged constitutional discrimination).

As stated, the traditional state function of deciding the various meal options to be provided to the inmates and what specific diet an individual inmate is to receive remains with the Board of County Commissioners, Escambia County, Florida and not with ARAMARK. Indeed, ARAMARK does not have the authority to decide to provide the Plaintiff with his requested relief. Instead, ARAMARK simply delivers the meals specified in its contract with the correctional facility and ARAMARK does not make the decision as to what meals or diets an individual inmate is to receive. Indeed, ARAMARK would gladly serve the inmates at Escambia County Jail a four-star gourmet meal everyday if the Board of County Commissioners, Escambia County, Florida contracted for that service and paid ARAMARK accordingly. Further, it is the Board of County Commissioners, Escambia County, Florida and not ARAMARK that decides which inmates are to receive a specific menu option, such as the standard, religious, vegetarian or medical diet. In this regard, the traditional state function of deciding what type of meals the inmates are to receive, in what quantities and with which ingredients remains with the Board of County Commissioners, Escambia County, Florida and not with ARAMARK.

In DeJesus v. ARAMARK, 2014 U.S. Dist. LEXIS 4952 (E.D. Pa. 2014), the court granted ARAMARK's Motion to Dismiss in a case where the plaintiff, an

inmate, alleged that ARAMARK violated his constitutional rights by failing to provide him with an alternative diet after he developed sores in his mouth, which he claimed were due to the presence of citric acid in the prison's standard meals. The court held that the plaintiff failed to plead a plausible civil rights claim because plaintiff did not and could not allege that ARAMARK "had the authority to determine the meals" the plaintiff received and therefore could not state a claim against ARAMARK.

The Plaintiff's Amended Complaint fails to allege an unconstitutional policy, or a series of events from which this Court can infer the existence of a policy that resulted in a constitutional violation. Plaintiff has not included a single detail alleging it was ARAMARK'S policy to serve him food that would make him sick. He alleges ARAMARK was aware of the medical risk, however, he admits that ARAMARK is but a contracted entity retained to provide contracted for food services. [Doc. 31, p. 5-7, 12.] Accordingly, Plaintiff's Amended Complaint fails to allege facts that would support a claim for violation of Plaintiff's Fourteenth Amendment rights. As a result, affording Plaintiff another opportunity to amend his complaint would be futile.

Additionally, where, as here, the inmate's § 1983 claim is based upon the deprivation of food, such a claim can only violate the Constitution if the prisoner is denied the 'minimal civilized measure of life's necessities.'" <u>Wilder v. Aramark</u>,

2017 U.S. Dist. LEXIS 152057, at *31 (quoting <u>Wilson v. Seiter</u>, 501 U.S. 294, 303 (1991)). "A well-balanced meal, containing sufficient nutritional value to preserve health, is all that is required." <u>Smith v. Sullivan</u>, 553 F.2d 373, 380 (5th Cir. 1977)[3]; *see also* <u>Hamm v. DeKalb County</u>, 774 F.2d 1567, 1575 (11th Cir. 1985) ("The fact that the food occasionally contains foreign objects or sometimes is served cold, while unpleasant, does not amount to a constitutional deprivation.").

Plaintiff alleges that Defendants failed to supply a diet that met the needs of his diabetic condition. [Doc. 31, p. 7.] This broad allegation, without more, is simply insufficient to support a claim. *See, e.g.*, <u>Sims v. Mich. Dep't of Corr</u>., 23 F. App'x 214, 215-16 (6th Cir. 2001) (rejecting Eighth Amendment claim based on assertion that the plaintiff received only one cup of fruit as one of the six meals he received in one day); <u>Cunningham v. Jones</u>, 567 F.2d 653, 656 (6th Cir. 1977) (holding that one meal per day of "food loaf" that provides sufficient nutrition to sustain normal health does not offend the Constitution). *See also* <u>Brightwell v. Lehman</u>, 637 F.3d 187, 194 (3d Cir. 2011) (prison official's failure to provide diabetic diet to diabetic inmate was not deliberate indifference when inmate "received appropriate accommodations and regular medical screenings"); <u>Radunz v. Muhlhausen</u>, 375 F. App'x 618, 620-21 (7th Cir. 2010) (no deliberate indifference when inmate received regular medication,

---

[3] In <u>Bonner v. City of Prichard</u>, 661 F.2d 1206, 1207 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the Fifth Circuit Court of Appeals issued before the close of business on September 30, 1981.

blood-sugar checks and special diet for diabetes); <u>Cody v. CBM Corr. Food Servs</u>., 250 F. App'x 763, 765 (8th Cir. 2007) (summary judgment was proper on inmate's claim that defendant failed to provide him with a special diabetic diet, as ordered by the doctor, when inmate presented no evidence of immediate danger to his health or that his health suffered due to failure to provide prescribed diet); <u>Greer v. Tran</u>, 124 F. App'x 261, 262 (5th Cir. 2005) (although prisoner ultimately died after falling into a diabetic coma, there was no deliberate indifference to his serious medical needs when he was tested for and diabetes mellitus was ruled out); <u>Harris v. Donaldson</u>, 71 F.3d 876 (5th Cir. Nov. 3, 1995) (no deliberate indifference when prisoner received medical treatment for diabetes, including blood sugar level monitoring, insulin doses and other attention, rendering his Section 1983 medical care claim merely a "quarrel with the quality and quantity of his medical treatment" for diabetes).

The denial of a medically prescribed diet may violate the Constitution under certain circumstances. <u>Wilder v. Aramark</u>, 2017 U.S. Dist. LEXIS 152057, at *31. "However, the failure to offer a special meal tray does not violate the Constitution if the inmate's medical needs are otherwise accommodated, for example, by teaching the inmate how to select foods from the regular food tray to meet prescribed dietary needs." <u>Wilder v. Aramark</u>, 2017 U.S. Dist. LEXIS 152057, at *32. *See also* <u>Startz</u>

v. Cullen, 468 F.2d 560, 561-62 (2d Cir. 1972); Mullins v. Cranston, 205 F.3d 1341 (6th Cir. 1999) (unpublished).

In the case *sub judice*, the Plaintiff alleges that several doctors have restricted Plaintiff's diet or limited his access to commissary foods. [Doc 31, p. 6-7.] Plaintiff further alleges medical treatment at a hospital. [Id. at 7.] Finally, Plaintiff's Complaint of April 14, 2017 specifically states that he routinely received medical care. [Doc. 1, p. 5-12.] Because Plaintiff's Amended Complaint establishes his receipt of medical treatment for his diabetes, and because Plaintiff's Complaint also establishes his receipt of various medical treatments, Plaintiff's claim that Defendants failed to offer a special meal tray does not violate the Constitution. *See* Wilder v. Aramark, *supra*. Because Plaintiff alleges deprivation of a proper diet, he was not denied the "minimal civilized measure of life's necessities." Wilder v. Aramark, 2017 U.S. Dist. LEXIS 152057, at *31 (quoting Wilson v. Seiter, 501 U.S. 294, 303 (1991)).

Even liberally construing Plaintiff's allegations, Plaintiff has alleged only that he had to eat the food provided by ARAMARK due to his limited commissary privileges. Plaintiff has not provided any details regarding the foods he was made to accept but could not eat or how often and to what extent he encountered foods he could not eat. Most importantly, Plaintiff has not alleged that he was not provided with other foods that he could eat. Accordingly, Plaintiff's Amended Complaint fails

16

to allege facts that would support a claim for violation of Plaintiff's Fourteenth Amendment rights.

**C. Plaintiff's Cause of Action Asserted Under 42 U.S.C. § 1983 Against HANNON as "the Food Supervisor/Director for Aramark Food Services" Fails as a Matter of Law.**

In order to hold a state actor liable in an official capacity, the plaintiff must show that the deprivation of a constitutional right resulted from an express policy; a "widespread practice, that although not authorized by written law or express municipal policy, is 'so permanent and well settled as to constitute a custom or usage' with the force of law"; or the decision of a person with "final policymaking authority." City of St. Louis v. Praprotnik, 485 U.S. 112, 123, 127 (1988) (quoting Adickes v. S.H. Kress & Co., 398 U.S. 144 (1970)); *see also* Monell v. Dep't of Social Servs., 436 U.S. 658 (1978). In a § 1983 lawsuit, a defendant must have personal involvement in the alleged wrongs, as liability cannot be based solely on the doctrine of agency or respondeat superior. Paratt v. Taylor, 451 U.S. 527, 537 n. 3 (1981), overruled on other grounds, FEC v. Wis. Right to Life Inc., 127 S. Ct. 2652 (2007). Thus, in order to successfully establish individual liability, the claimant must show that the official "personally participate[d]" in the act or there was "causal connection between the actions of [the] supervising official and the alleged constitutional deprivation." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003).

Personal involvement is an essential element of a civil rights cause of action. *See* Rizzo v. Goode, 423 U.S. 362, 371-72 (1976) (affirmative link needed between injury and conduct of defendant). In the present case, Plaintiff cannot establish any affirmative link between any action on the part of HANNON and any alleged deprivation of a constitutionally protected right. In fact, Plaintiff has not shown the requisite "causal connection" between ARAMARK's actions and any unconstitutional conduct such as to hold ARAMARK liable for the actions of its employees or subordinates. Plaintiff has not alleged facts to show that ARAMARK's corporate custom, policy, or practice were behind the alleged violations.

HANNON is an employee of a private corporation, rather than a state employee. The actions alleged in the complaint were actions taken in the course of his employment and were not acts taken under color of state law. Moreover, even assuming *arguendo* that HANNON is a state actor, Plaintiff has made no showing that Hannon's individual actions had any causal connection to the alleged denial of a proper diet underlying the Amended Complaint, or that the alleged deprivation of Plaintiff's rights was the result of any express policy, widespread practice, or decision by HANNON. *See* Payne v. McKeithen, No. 5:13-cv-91-MW-GRJ, 2015 U.S. Dist. LEXIS 48831, at *7 (N.D. Fla. Feb. 18, 2015); *see also*, Blum v. Yaretsky, 457 U.S. 991, 1002 (1982); Young v. Martinez, 2008 WL 793575; *11 (D. Colo. 2008); Harrison v. Richardson, 2009 WL 735128 (D. Kan 2009); Esnouf v. Matty,

635 F. Supp. 211 (E.D. Pa. 1986) (finding that an employee of an independent contractor medical service was not a state actor because the employee was not clothed with the power and authority of the state, nor had the discretion to transfer plaintiff to a hospital).

It has been recognized that employees of non-party private entities are not state actors. *See also* <u>Strope v. Cline</u>, 2010 U.S. Dist. LEXIS 144521, at \*13 (D. Kan. March 18, 2010) (dismissing various constitutional claims by an inmate because the Aramark food service worker at issue was an employee of a private corporation rather than a state employee and, therefore, the alleged improper actions "were not acts taken under color of state law."). <u>Harrison v. Richardson</u>, 2009 WL 735128, at \*2 (D. Kan. March 19, 2009) (the court determined that the plaintiff failed to state a cause of action under § 1983 reasoning that the Leavenworth Detention Center was not a state agency and its employees were not state employees or actors and did not act "under the color of state law."). Because Plaintiff failed to allege any facts suggesting a plausible basis for holding ARAMARK liable for the conduct of Defendant HANNON, Plaintiff's constitutional claim against ARAMARK is subject to dismissal. *See* <u>Cameron v. Thornburgh</u>, 983 F.2d 253 (D.C. Cir. 1993) (prisoner's complaint failed to state claim against Attorney General and Director of Federal Bureau of Prisons for failure to provide medically prescribed low-sodium diet, where

complaint did not allege that Attorney General and Director participated in any decision or approve any policy relating to case).

Simply put, Plaintiff does not allege any facts suggesting that ARAMARK has a policy of refusing to provide meals that comply with medically prescribed diets, that ARAMARK's final policymakers have acquiesced in a longstanding practice of refusing to provide such meals, or that someone with final decision making authority at ARAMARK adopted HANNON's decision to refuse to provide meals that complied with Plaintiff's medically prescribed diet. Because Plaintiff failed to allege any facts suggesting a plausible basis for holding Defendants ARAMARK and HANNON liable, Plaintiff's constitutional claim against Defendants should be dismissed with prejudice.

## II.    CONCLUSION

For the foregoing reasons, Defendants, ARAMARK SERVICES, INC., d/b/a ARAMARK CORRECTIONAL SERVICES, LLC and JAMES HANNON, respectfully request this Court dismiss with prejudice all claims against them contained in Plaintiff's Amended Complaint.


## CERTIFICATION OF GOOD-FAITH ATTORNEY CONFERENCE

The conferral obligations of Local Rule 7.1(B) are not required for this motion, as it seeks to determine the outcome of the case. *See* Local Rule 7.1(D).

## CERTIFICATE OF WORD LIMIT

Pursuant to Local Rule 7.1(F), the undersigned counsel hereby certifies that the foregoing motion contains 4,645 words.

Respectfully submitted this 25th day of May, 2018.

> COLE, SCOTT & KISSANE, P.A.
> *Counsel for Defendants ARAMARK*
> *and HANNON*
> 890 South Palafox Street, Suite 200
> Pensacola, Florida 32502
> Telephone (850) 483-5914
> Facsimile (850) 438-6969
> Primary e-mail: courtney.smith@csklegal.com
> Secondary e-mail: roxane.hale@csklegal.com

By: s/ ***Courtney F. Smith***
COURTNEY F. SMITH
Florida Bar No.: 67388

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been furnished via U.S. Mail or electronic mail on this 25th day of May, 2018, to: Rickie E. Wilder, DC # 906696, Madison Correctional Institute, 382 SW MCI Way, Madison, FL 32340.

s/ ***Courtney F. Smith***
COURTNEY F. SMITH
Florida Bar No.: 67388